[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DE: THE DEFENDANT'S MOTION TO RELEASE ESCROW(143) AND THE PLAINTIFF'S MOTION TO RELEASE ESCROW (144)
The parties' marriage was dissolved on November 15, 1991 at which time a written separation agreement was approved and ordered incorporated in that judgment by reference.
Article B.1 of the agreement provided that until the occurrence of one of several contingencies the defendant would continue to pay alimony and
 ". . . the Husband shall also pay as additional payments but not as alimony, the monthly premium payments for the wife's COBRA medical insurance premiums, the cost of all unreimbursed medical and dental expenses she incurs of any nature whatsoever except those expenses of mental health professionals, . . ."
One of the contingencies was the sale of the marital home and that occurred. On May 16, 1994 the court entered orders one of which ordered an escrow account for "dental work performed and to be performed on the plaintiff." $24,000.00 was put in escrow.
The defendant claims he is not responsible for dental work performed after June 2, 1994 when title to the marital home was closed or for any dental expenses incurred by the plaintiff prior to said date for dental work performed by providers was not part of the defendant's plan.
The defendant is correct that his liability ceased on the day title closed. He is incorrect in claiming that the plaintiff was limited to providers available through his dental plan. No such limitation exists in the agreement.
The plaintiff did seek treatment from dentists available through the defendant's plan. Some of her work was not covered CT Page 12557 under the plan, and she did seek further dental work from providers not in the plan. There is no limitation preventing her from doing so. An unreimbursed expense is one not reimbursed. The defendant agreed to be responsible for all unreimbursed dental expenses of any nature whatsoever.
The defendant is responsible for all the unreimbursed dental expenses incurred by the plaintiff prior to June 2, 1994. The plaintiff shall furnish the defendant's attorney with each bill so incurred so he may have them for his client's records. The plaintiff shall thereupon be reimbursed from the escrow for such bill as part of the final order.
The court retains jurisdiction in order to rule on any disputed bill and to enter a final order, sixty days hence, after further hearing, releasing the escrow.
HARRIGAN, J.